**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

PATRICIA SMITH                                                                                      PLAINTIFFS

vs.                                                                    Civil Action No. 3:09-CV-097 HTW-LRA

EDWARD JAMES, M.D.                                                                             DEFENDANT

### ORDER AND OPINION

Before the court is defendant's motion to dismiss [Docket No. 7], defendant's motion for summary judgment [Docket No. 9], and plaintiff's motion for judgment on the pleadings [Docket No. 14].[1]  The central issues in this case are whether plaintiff fulfilled the proper requirements to bring a medical malpractice claim against a doctor in Mississippi, whether defendant violated any HIPAA[2] protections owed to plaintiff, whether defendant breached an alleged contract between plaintiff and defendant, and whether defendant engaged in fraudulent misrepresentation.

All of plaintiff's claims arise under state law, except plaintiff's alleged HIPAA violation, which is rooted in federal law.  Because of this allegation, this court has subject matter jurisdiction under Title 28 U.S.C. § 1331, which states in pertinent part that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

---

[1] Defendant's [Docket No. 7] and [Docket No. 9] appear to be substantially the same and will be consolidated.

[2] Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat.1936. The Administration Simplification provisions of HIPAA address the security and privacy of health data. The standards are meant to improve the efficiency and effectiveness of the nation's health care system by encouraging the widespread use of electronic data interchange in the U.S. health care system.

After having reviewed the briefs and memoranda provided by all parties, this court finds that the defendant's motions [Docket No. 7 & 9] are well taken and grants them for the reasons which follow. Plaintiff's motion for judgment on the pleadings [Docket No. 14] is denied.

## I. FACTS

Plaintiff is Patricia Smith (pro se plaintiff)[3] and defendant is Edward Thomas James, Jr., M.D., an orthopedic surgeon. Plaintiff filed her complaint in federal court asserting claims of medical malpractice, HIPAA violations, breach of contract, and fraudulent misrepresentation against defendant. The background facts pertinent to this lawsuit are as follow.

Plaintiff received treatment from defendant stemming from an injury which occurred at her former place of employment, Unified Brand in Byram, MS, on June 14, 2007. Plaintiff worked as a machine operator in the fabrication department. She alleges that the machine malfunctioned, but that she was told to work around the machine's malfunction by a company trainer. Plaintiff says that while operating the machine, a die[4] flew off the machine, hit her on the left leg and left foot, breaking her second toe also causing multiple fractures. Plaintiff says she continued her employment with Unified Brand, although injured, and ultimately quit her employment

---

[3]Plaintiff has a worker's compensation claim with her former employer. Plaintiff, dissatisfied with her lawyers in her worker's compensation action, decided to fire her lawyers and proceed in the current action against Dr. James pro se.

[4] A die is a specialized tool used in manufacturing industries to cut or shape material using a press. Like molds and stencils, dies are generally customized to the item they are used to create.

2

on June 18, 2007.

Plaintiff states that she called her former manager on July 11, 2007, and informed him that she needed to see a doctor for her foot. Plaintiff saw a doctor - Dr. Tim Morris at Baptist Occupational Clinic - on July 16, 2007. The diagnosis revealed a comminuted fracture and fracture of the distal phalanx. Plaintiff's right ankle was also scarred as a result of the accident. On July 23, 2007, Dr. Morris referred plaintiff to defendant who is an orthopedic surgeon. Plaintiff was under the care of defendant for approximately eight (8) months.

Plaintiff alleges that Dr. James' treatments were bad and that his malpractice caused her unreasonable risk of harm. Plaintiff also avers that defendant breached his contract with her as to the quality of her results and that defendant is guilty of fraudulent misrepresentation. In addition, plaintiff alleges that defendant committed a HIPAA violation by divulging information about her worker's compensation injury to her employer and the adjuster handling the claim. Plaintiff contends that she continues to experience symptoms related to her injury at work.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. Rule 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## III.  ANALYSIS

### A.  Medical Malpractice

This is a state law claim.  Since the alleged medical treatment occurred in the State of Mississippi, this court applies the substantive law of Mississippi to this dispute. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiff was required to serve a notice of intent upon defendant-doctor sixty (60) days prior to filing suit, and did not do so.  Both case law and statutory law in Mississippi require plaintiffs to serve notice of intent upon doctors sixty (60) days prior to filing suit.  The Mississippi Supreme Court held as recently as 2008 that:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

*Thomas v. Warden*, 999 So.2d 842, 849 (Miss. 2008) (*citing* Miss. Code Ann. § 15-1-36(15)).

Plaintiff responds to defendant's motion for summary judgment by contending that she will provide an expert witness to support her claims at trial.  She claims that she has evidence which suggests that defendant falsified information in her medical report.  Plaintiff also says that defendant never provided her with a prognosis nor did he

4

diagnose her for torn ligaments, vibrational syndrome, or carpal tunnel syndrome.

At oral argument on the motions herein, plaintiff admitted she was unfamiliar with § 15-1-36(15). After reading a copy of same given to her by the court, she offered no contest to defendant's argument. Accordingly, plaintiff's medical malpractice claim is dismissed.

### B. HIPAA Claim

Plaintiff's claim pursuant to HIPAA, specifically HIPAA's privacy rule,[5] is also dismissed. Even if the court accepts every allegation in plaintiff's complaint regarding her HIPAA cause of action as true, defendant still has not established a *prima facie* HIPAA violation.

The privacy rule under HIPAA provides an explicit exception for disclosures made in accordance with laws relating to workers' compensation claims. *See* 45 C.F.R. § 164.512(l) (permitting the disclosure of health information made for workers' compensation purposes with an individual's authorization). Under Mississippi's Worker's Compensation Act, a healthcare provider who treats an injured employee is required to report the employee's history, diagnosis, treatment, prognosis and physical

---

[5] The HIPAA Privacy Rule establishes national standards to protect individuals' medical records and other personal health information and applies to health plans, health care clearinghouses, and those health care providers that conduct certain health care transactions electronically. The Rule requires appropriate safeguards to protect the privacy of personal health information, and sets limits and conditions on the uses and disclosures that may be made of such information without patient authorization. The Rule also gives patients rights over their health information, including rights to examine and obtain a copy of their health records, and to request corrections.

findings. Miss. Code Ann. § 71-3-15(1).[6] A provider has a continuing obligation to supplement its report as long as treatment continues. *Id.*

Pro-se plaintiff says she was not aware of this requirement. She accepts the point.

### C. Breach of Contract

Plaintiff's breach of contract claim also fails. Plaintiff's breach of contract claim is not well taken because her medical malpractice claim and her breach of contract claim are substantially the same. Plaintiff argues that defendant had a contract to perform services and as a result would be allowed to receive payment for her treatment because of her worker's compensation claim. She avers that defendant breached the contract because she did not return to her normal state and is still disabled. Moreover, plaintiff specifically requested in her complaint damages for medical malpractice.

Defendant argues that plaintiff should not be allowed to simply recast her medical malpractice claims as contract claims in order to circumvent the statute of limitations or, as in this case, the requirement that they have expert support. This court agrees.

---

[6] "[N]o claim for medical or surgical treatment shall be valid and enforceable, as against such employer, unless within twenty (20) days following the first treatment the physician or provider giving such treatment shall furnish to the employer, if self-insured, or its carrier, a preliminary report of such injury and treatment, on a form or in a format approved by the commission. Subsequent reports of such injury and treatment must be submitted at least every thirty (30) days thereafter until such time as a final report shall have been made. Reports which are required to be filed hereunder shall be furnished by the medical provider to the employer or carrier, and it shall be the responsibility of the employer or carrier receiving such reports to promptly furnish copies to the commission. The commission may, in its discretion, excuse the failure to furnish such reports within the time prescribed herein if it finds good cause to do so, and may, upon request of any party in interest, order or direct the employer or carrier to pay the reasonable value of medical services rendered to the employee." Miss. Code Ann. § 71-3-15(1).

### D. Plaintiff's Judgment on the Pleadings

Plaintiff filed her motion for judgement on the pleadings [Docket No. 14] on June 23, 2009. Plaintiff's motion does not cite the corresponding rule of civil procedure and provides no evidentiary support or argument in support. Defendant's motion for summary judgment attacks each of plaintiff's claims and is well taken. Plaintiff's motion for judgment on the pleadings [Docket No. 14] is denied.

## CONCLUSION

Plaintiff's medical malpractice claim [Docket No. 7 & 9] is dismissed because she did not serve a notice of intent, as required by Miss. Code Ann. § 15-1-36(15).

Plaintiff's claim [Docket No. 7 & 9] pursuant to HIPAA is also dismissed because the privacy rule under HIPAA provides an explicit exception for disclosures made in accordance with laws relating to workers' compensation claims.

Plaintiff's breach of contract claim fails [Docket No. 7 & 9] because her medical malpractice claim and her breach of contract claim are one and the same.

Plaintiff withdraws her fraudulent misrepresentation claim [Docket No. 7 & 9] . Plaintiff's motion for judgment on the pleadings [Docket No. 14] is denied.

This court, thus, dismisses all of plaintiff's claims. This lawsuit is terminated.

**SO ORDERED, this the 20th day of April, 2010.**

        **s/ HENRY T. WINGATE**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT JUDGE**

Civil Action: 3:09-cv-097-HTW-LRA
Order and Opinion